# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHARLES WILLIAMS,          )
      Plaintiff,             )      Civil Action No. 10-19 Erie
                        )
      v.                     )
                        )      District Judge Sean J. McLaughlin
STATE CORRECTIONS OFFICERS  )
ASSOCIATION, et al.,            )      Magistrate Judge Susan Paradise Baxter
      Defendants.         )

## MAGISTRATE JUDGE'S

## SUPPLEMENTAL

## REPORT AND RECOMMENDATION

## I.    RECOMMENDATION

It is respectfully recommended that the Motion to Dismiss filed by the Commonwealth Defendants [ECF No. 17][1] be granted in part and denied in part and the Motion to Dismiss filed by Defendants Bashline, Gilreath, Mowry and Telega [ECF No. 18] be granted in part and denied in part. This Report and Recommendation serves as a Supplement to the Report and Recommendation issued on November 18, 2010 [ECF No. 49] and only addresses the res judicata and Rooker-Feldman arguments advanced by Defendants.

---

[1] The nineteenth edition to The Bluebook: A Uniform System of Citation (Columbia Law Review Ass'n, et al. eds., 19th ed. 2010) provides citation form for court documents filed with the Electronic Case Management system of the federal courts. Rule B7.1.4. Although The Bluebook advises pinpoint citation to a document's original page number, this Court finds its practice of citing to the page number contained in the PACER header more efficient and will continue its prior practice of citing to that page number herein.

1

The Commonwealth's motion to dismiss [ECF No. 17] should be denied on the basis of res judicata and the Medical Defendants' motion to dismiss [ECF No. 18] should be denied on the basis of res judicata and denied on the basis of the Rooker-Feldman doctrine.

## II. REPORT

### A. Relevant Procedural History

Plaintiff, a state prisoner, acting pro se, filed this civil rights action under 42 U.S.C. § 1983. Plaintiff alleges that:

> " Defendants with deliberate indifference involuntarily exposed the Plaintiff to levels of ETS [or environmental tobacco smoke] that posed an unreasonable risk of serious damage to his current/future health in violation of the Eighth Amendment of the U.S. Constitution, conspired to cover up the fact that the plaintiff had gotten sick as a result of the Defendants exposing him to the poisonous toxins from their tobacco smoke on the non-smoking housing unit that he was housed on, discriminated against the Plaintiff on the base [sic] of his race in violation of the Fourteenth Amendment of the U.S. Constitution, and retaliated against the Plaintiff for exercising his First Amendment right of the U.S. Constitution in violation of the First and Fourteenth Amendment of the U.S. Constitution. The Plaintiff also alleges the torts of negligence, gross negligence, recklessly endangering another person, attempted murder, torture, ethnic intimidation, nuisance, official oppression, harassment, malicious mischief, civil conspiracy, criminal conspiracy, disorderly conduct, abuse of authority, breach of contract, breach of duty, mental anguish, emotional distress, humiliation, engagement in organized criminal activity, theft, receiving stolen property, falsifying reports, and etc."

ECF No. 6, page 3. The complaint covers the time period from January through August 2008.

Named as Defendants to this action are: The State Corrections Officers Association; Jeffrey Beard; Marilyn Brooks; Raymond Sobina; Nancy Giroux; Richard Hall; Melinda Adams; Maxine Overton; Rebecca Kessler; Roderic A. Showers; Michael Brumagin; Correctional Officer Gilmore; Correctional Officer Dhappart; Sgt. Christopher; Correctional Officer Joseph Saraceno; Sgt. Little; Correctional Officer Hong; Cindy G. Watson; Correctional Officer

Harmon; Correctional Officer Rieger; Sgt. Carr; Officer Hickman; Ronald Bryant; Sherman Morrison; Major Gilmore; Sgt. Stull; Lt. McConnell; Correctional Officer Abreu; Sgt. Bowen; Correctional Officer Skindale; Sgt. Edmunds; Correctional Officer Hunt; Physician's Assistant Tammy Mowry; Dr. David Bashline; Captain White; Steven Reilly; Ms. Larson; Correctional Officer Harvey; Mr. Barco; Mr. Waid; Ms. Jackson; Ms. Daniels; Sgt. Melec; Lt. Gilbert; Albert Williams; Alfred Sparks[2]; Mr. Patz; Physician's Assistant Daniel Telega; Harold Heckler; Gene Zarnick; Sgt. Martin; Jason Vogus; Kevin Lantz; Michael Clark; Sgt. Clayton; Dorina Varner; Christine Zirkle; Nurse Doe; Correctional Officer Rodgrigues; Correctional Officer B.S. Sommers; Dr. Longstreeet; Dr. Valerie Gilreath; Tracy Pollock; Ms. Bickel; and Ms. Roscinski. Defendants Bashline, Gilreath, Mowry and Telega are represented by private counsel, while the remaining served Defendants are represented by the Office of the Attorney General.

Presently pending before this Court are two motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6); one filed by the Commonwealth Defendants, and one filed by Defendants Bashline, Gilreath, Mowry and Telega. ECF Nos. 17, 18.

By Report and Recommendation filed November 18, 2010, the undersigned analyzed the pending motions and recommended that the motions to dismiss be granted in part and denied in part.[3] Specifically as to the res judicata and Rooker-Feldman arguments, I concluded that the

---

[2] Defendants Williams and Sparks are identified as fellow inmates.

[3] The Report and Recommendation indicated that the motion to dismiss filed by the Commonwealth Defendants [ECF No. 17] and the Motion to Dismiss filed by Defendants Bashline, Gilreath, Mowry and Telega [ECF No. 18] be granted in part and denied in part. More specifically, it recommended that the Commonwealth's motion to dismiss [ECF No. 17] be:
    Denied on the basis of res judicata;
    Granted as to the state law claims on the basis of sovereign immunity;
    Denied as to the Eighth Amendment ETS Claims involving contemporaneous injury and granted as to the Eighth Amendment ETS claims involving future injury;
    Granted as to the claim about the denial of a massage therapist and/or chiropractor, but denied as to the remaining Eighth Amendment medical claims;

3

pending motions to dismiss should be denied based upon the limited record before the Court. ECF No. 49.

Thereafter, both Plaintiff and Defendants filed Objections to the Report and Recommendation. ECF Nos. 56, 57, 58. With their Objections, Defendants filed court documents from the Erie County Court of Common Pleas in support of their res judicata and Rooker Feldman arguments. Due to the introduction of these additional materials, District Judge Sean McLaughlin remanded the matter "for consideration of this evidence in the first instance." ECF No. 60. Following the remand, Plaintiff was allowed to file his Response to the Defendants' Objections. ECF Nos. 63, 64.

This Supplemental Report and Recommendation will limit itself to analysis of the new evidence supplied by Defendants in support of their Objections as to the res judicata and Rooker-Feldman arguments, as directed by the District Judge's Order.

> Granted as to both the Eighth Amendment claims and the due process claims based upon Plaintiff's confinement in RHU;
> Granted as to the due process claims based upon the confiscation or loss of Plaintiff's personal property;
> Granted as to the access to courts claims – which means that Defendants Vogus, Zarnick, Martin, Heckler, Clayton, Lantz, Bickel and Rozcinski should be terminated from the docket;
> Granted as to the harassment claims;
> Granted as to the Equal Protection claims;
> Denied as to the retaliation claims;
> Denied as to the civil conspiracy claims; and
> Granted as to Defendants Adams, Sobina, Varner and Watson on the basis of respondeat superior.

It also recommended that the Medical Defendants' motion to dismiss [ECF No. 18] be:
> Denied on the basis of res judicata;
> Denied on the basis of the Rooker-Feldman doctrine;
> Denied as to the Eighth Amendment medical claims;
> Denied as to the civil conspiracy claims;
> Denied as to the retaliation claims; and
> Granted as to the dismissal of the state law negligence claims on the basis of Plaintiff's failure to file a certificate of merit.

4

**B.     Standards of Review**

    **1) Pro Se Litigants**

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521(1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Dep't of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court may consider facts and make inferences where it is appropriate.

    **2)     Motion to dismiss pursuant to 12(b)(6)**

5

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

A Court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) quoting Iqbal, ___ U.S. at ___, 129 S.Ct. at 1949 ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469,

6

at *1 (D. Del.) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556 n.3.

The Third Circuit has expounded on the Twombly/Iqbal/Phillips line of cases:

> To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible. This then 'allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct.'
>
> * * *
>
> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. **First, the factual and legal elements of a claim should be separated. The district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief.** A complaint has to 'show' such an entitlement with its facts. As the Supreme Court instructed in Iqbal, '[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief.' This 'plausibility' requirement will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11(3d Cir. 2009) (emphasis added) (internal citations omitted).

### C. The Doctrine of Res Judicata

All Defendants move for dismissal on the basis of res judicata, while Plaintiff argues that the doctrine does not apply to this federal action.

7

A federal court applying preclusion principles is bound by the Full Faith and Credit statute, 28 U.S.C. § 1738, and must give a prior state court judgment the same effect as would the adjudicating states. Haring v. Prosise, 462 U.S. 306, 313 (1983) citing Allen v. McCurry, 449 U.S. 90, 96 (1980). See also Salley v. Rendell, 2008 WL 1752246, at * 5 n.9 (W.D. Pa. 2008) (highlighting difference between federal common law doctrine of claim preclusion and claim preclusion doctrine under state law). The doctrine of claim preclusion (traditionally known as res judicata) precludes "a party from initiating a second suit against the same adversary based on the same 'cause of action' as the first suit." Duhaney v. Attorney Gen. of the United States, 621 F.3d 340, 346 (3d Cir. 2010) citing In re Mullarkey, 536 F.3d 215, 255 (3d Cir. 2008). "Res judicata is not a jurisdictional bar, but rather is an affirmative defense that prohibits litigation between the same parties on a cause of action that was previously adjudicated on its merits." Briar Meadows Dev., Inc. v. South Centre Twp. Bd. of Supervisors, 2010 WL 4024775, at * 6 (M.D. Pa. Oct. 13, 2010). See also Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 170 (3d Cir. Aug.5, 2010) ("Importantly, preclusion is not jurisdictional.").

"Any final, valid judgment on the merits by a court of competent jurisdiction precludes any further suit between the parties or their privies on the same cause of action." Turner v. Crawford Square Apts. III, L.P., 449 F.3d 542, 548 (3d Cir. 2006) quoting Balent v. City of Wilkes-Barre, 669 A.2d 309, 313 (1995). Importantly, for purposes of this analysis, "res judicata and collateral estoppel apply only to final judgments." McKenna v. City of Philadelphia, 304 Fed. Appx 89, at *4 (3d Cir. 2008).[4]

---

[4] Under Pennsylvania law, in order for the doctrine of claim preclusion to prevent relitigation of the claim, the two actions must share the following conditions: "(1) the thing sued upon or for; (2) the cause of action; (3) the persons and parties to the action; and (4) the capacity of the parties to sue or be sued." Turner, 449 F.3d at 548, citing Bearoff v. Bearoff Bros., Inc.,

Here, prior to filing the instant federal action, Plaintiff filed a similar lawsuit in the Court of Common Pleas of Erie County around May 4, 2009. In support of their respective motions to dismiss, Defendants provided this Court with a copy of the Court of Common Pleas complaint at the time the dispositive motions were filed.[5] See ECF No. 19-2.

In opposition, Plaintiff argued that the doctrine of claim preclusion cannot apply because there was no final adjudication on the merits in the prior case. More specifically, Plaintiff argued that at a show cause hearing before the Court of Common Pleas, he voluntarily withdrew his complaint "on March 1, 2010, after he realized that Judge Michael E. Dunlavey was not going to give him a full and fair hearing on the merit of his claims." ECF No. 47, pages 3-5. Plaintiff indicated that at that hearing, Judge Dunlavey failed to strike the untimely preliminary objections of the Defendants and that Judge Dunlavey made derogatory statements about having Plaintiff criminally charged due to Plaintiff's submission of evidence in that case. Id.

At the time I considered the pending motions and issued the first Report and Recommendation, there was no transcript of that hearing in the record to review Plaintiff's claim that he had withdrawn the complaint. At that time I concluded:

> *Importantly, for the purposes of this Court's analysis on the pending motions to dismiss, there is no transcript of the March 1, 2010 hearing held before Judge Dunlavey. Res judicata is an affirmative defense which must be proven by*

---

458 Pa. 494 (1974). See also Michaels v. Pimlico Realty Co., 2004 WL 2457735, at *3 (E.D. Pa.) citing In re Iulo, 766 A.2d 335, 337 (Pa. 2001) (there must be: (1) identity of issues; (2) identity of causes of action; (3) identity of persons and parties to the action; and (4) identity of the quality or capacity of the parties suing or being sued in the two cases.).

[5] The use of these exhibits by this Court does not automatically convert Defendants' motion to dismiss for failure to state a claim into a motion for summary judgment. Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002) ("...certain matters outside the body of the complaint itself, such as exhibits attached to the complaint and facts of which the court will take judicial notice, will not trigger the conversion of an Federal Rule of Civil Procedure 12(b)(6) motion to dismiss to an Federal Rule of Civil Procedure 56 motion for summary judgment."); Kulwicki v. Dawson, 969 F.2d 1454, 1462 (3d Cir. 1992).

9

> *Defendants. See Fed. R. Civ. P. 8(c)(a); Briar Meadows, 2010 WL 4024775, at \* 6. Here, Defendants have not met their burden in this regard. Although they have provided this Court with the Court of Common Pleas complaint and some of the filings in that case[6], Plaintiff's claim that he voluntarily withdrew his complaint (based upon Judge Dunlavey's allegedly prejudicial remarks) creates question as to whether there is a final judgment sufficient to support a finding of res judicata in this Court.*
>
> *Accordingly, a decision on the issue of res judicata is premature on this limited record and the motions to dismiss should be denied. This issue may be revisited in the future upon a more complete record.*

ECF No. 49, page 10.

Now, in support of their Objections to the Report and Recommendation, Defendants have provided this Court with a transcript of the March 1, 2010 hearing before Judge Dunlavey, as well as an "updated copy of the docket sheet" from the Erie County Court of Common Pleas. See ECF No. 56. Meanwhile, Plaintiff still argues (and swears under oath, see ECF No. 58, ¶ 2) that he withdrew his complaint during that hearing and that the transcript submitted as evidence by Defendants is not an accurate representation of what occurred at the hearing.

The late addition of these documents in support of a motion to dismiss is problematic for disposition of the res judicata issue. While the preclusive effect of a state court judgment may be raised in a 12(b)(6) motion to dismiss, the Third Circuit has instructed that:

> In reviewing a Rule 12(b)(6) motion it is well-established that a court should consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. Lum v.

---

[6] The April 2010 order indicates that:

"the complaint is dismissed with prejudice as being frivolous litigation pursued only to harass the Defendants and to further clog the Court's pursuit to administer justice to those in need of adjudication. The Court stands on the briefs of the Defendant in this matter. The Court further stands on the record of the Oral Argument held March 1, 2010 regarding the issues raised by Defendants and any further argument made by Plaintiff."

ECF No. 20-4, page 2.

> Bank of America, 361 F.3d 217, 221 n.3 (3d Cir. 2004). In the context of deciding a Rule 12 (b)(6) motion that raises issue preclusion concerns, and where a plaintiff has not included the existence or substance of the prior adjudications in the body of, or attachments to, its complaint, it is axiomatic that a court must still consider the prior adjudication in order to determine whether issue preclusion bars that plaintiff's claims. **Thus, we have held that a prior judicial opinion constitutes a public record of which a court may take judicial notice. <u>Id.</u> We have also held, however, that a court may do so on a motion to dismiss only to establish the existence of the opinion, and not for the truth of the facts asserted in the opinion. <u>Id.</u> A court that examines a transcript of a prior proceeding to find facts converts a motion to dismiss into a motion for summary judgment. <u>Id.</u>**

M&M Stone Co. v. Commonwealth of Pennsylvania, 388 Fed. Appx 156, 162 (3d Cir. 2010) (emphasis added). <u>See</u> <u>also</u> <u>Brody v. Hankin</u>, 145 Fed.Appx 768, at *4 (3d Cir. 2005) ("Whether claim preclusion applies is a delicate question often requiring factual comparisons, and thus often is denied on a motion for summary judgment. […] While a district court may dismiss a claim on res judicata grounds on a Rule 12(b)(6) motion, in order to do so those grounds must be evident on the face of the complaint."); <u>Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.</u>, 181 F.3d 410, 426-27, n7 (3d Cir. 1999) ("Specifically, on a motion to dismiss, we may take judicial notice of another court's opinion – not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity. […] **We have held that a court that examines a transcript of a prior proceeding to find facts converts a motion to dismiss into a motion for summary judgment.")** (emphasis added); Patetta v. Wells Fargo Bank, NA, 2010 WL 1931256, at * 5 (D.N.J. May 13, 2010) ("In deciding motions to dismiss based on procedural grounds, a district court may grant such a motion '*if* the predicate establishing the [preclusion] defense is apparent *from the face of the complaint.*' […] The only other documents that a court may consider are those referenced in the complaint, or the judicial opinion of another court for the existence of that opinion, though not for the truth of the matter asserted.) (internal citation omitted).

11

The Third Circuit's recent opinion in Renchenski v. Williams, (622 F.3d 315, 340 (3d Cir. Oct. 4, 2010)), precludes the conversion of the motions to dismiss into motions for summary judgment at this stage of the proceedings. The Renchenski Court issued a directive requiring district courts to provide pro se litigants with adequate notice of the conversion of a motion to dismiss into a motion for summary judgment, because such a conversion "can present potentially severe procedural snares for pro se litigants." Walker v. Elliot, 2010 WL 4916715, at *5 (M.D. Pa. Oct. 25, 2010). The Circuit specifically instructed district courts on the type of notice that must be provided to the pro se litigant, explaining that "adequate notice in the pro se prisoner context includes providing a prisoner-plaintiff with a paper copy of the conversion order, as well as a copy of Rule 56 and a short summary explaining its import that highlights the utility of a Rule 56(f) affidavit." Renchenski, 622 F.3d at 340. Here, due to the unusual procedural posture of this case, Plaintiff has not received the appropriate notice under Renchenski necessary for this Court to conduct a full and fair consideration of the evidence introduced by way of Defendants' Objections.

Accordingly, res judicata does not provide a basis for dismissal at this time and the motions to dismiss should be denied.

### D. The Rooker-Feldman Doctrine

Only the Medical Defendants argue for dismissal based upon the Rooker-Feldman doctrine.[7] Specifically, their entire legal discussion on this point is limited to the following

---

[7] The Medical Defendants filed their motion to dismiss pursuant to Federal Rule of Procedure 12(b)(6). However, jurisdictional challenges, such as those based upon the Rooker Feldman doctrine must be raised by way of a motion to dismiss pursuant to Rule 12(b)(1). This Court must consider "the jurisdictional aspect of Defendants' motion under the law applicable" to Rule 12(b)(1). Patetta v. Wells Fargo Bank, 2010 WL 1931256, at *5 n11 (D.N.J.) .

argument: "in addition to res judicata, the Rooker-Feldman doctrine precludes this Court from modifying a state court judgment. To the extent Williams is complaining of injuries caused by the Erie County decision, said claims would be barred." ECF No. 19, page 4. In their Objections to the Report and Recommendation, the Medical Defendants do not advance any argument that the new evidence supports their motion to dismiss on the basis of the Rooker-Feldman doctrine. See ECF No. 57.[8]

The Rooker-Feldman doctrine is derived from 28 U.S.C. § 1257 and the understanding that "a United States District Court has no authority to review judgments of a state court in judicial proceedings. Review of such judgments may be had only in the [United States Supreme] Court." District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983).[9] The doctrine only applies to claims "actually litigated" in state court or where the federal claim is

---

A defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000) citing Mortensen v. First Fed. Sav. & Loan Ass'n., 549 F.3d 884, 891 (3d Cir. 1977). When a 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, "we are not confined to the allegations in the complaint and can look beyond the pleadings to decide factual matters relating to jurisdiction." Cestonaro v. United States, 211 F.3d 749, 754 (3d Cir. 2000). In reviewing a factual attack, "the Court is free to weigh the evidence and satisfy itself … it has power to hear the case ... [N]o presumptive truthfulness attaches to plaintiff's allegations." Carpet Group Int'l. v. Oriental Rug Importers Ass'n., 227 F.3d 62, 69 (3d Cir. 2000).

[8] The Commonwealth Defendants do not make any argument regarding the Rooker-Feldman doctrine in either their motion to dismiss, or their Objections to the Report and Recommendation. See ECF No. 56.

[9] The United States Supreme Court has summarized the doctrine:

> The Rooker-Feldman doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.

Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005). See also Rooker v. Fidelity Trust, 263 U.S. 413, 416 (1923) and Feldman, 460 U.S. 462.

13

"inextricably intertwined" with a previous state court judgment. Koynok v. Lloyd, 328 Fed. Appx 133, 136 (3d Cir. 2009) quoting Desi's Pizza v. Wilkes-Barre, 321 F.3d 411, 419 (3d Cir. 2003).

In order to "properly apply" the doctrine, "the first necessary step is to determine exactly what the state court decided." Id. at 137 and n4 ("If, for example, the state court did not reach the merits of the plaintiff's claims, then Rooker-Feldman does not apply. See FOCUS [v. Allegheny County Court of Common Pleas, 75 F.3d 834, 841(3d Cir. 1996); Whiteford [v. Reed, 155 F.3d 671, 674 (3d Cir. 1998)]."). At this initial stage of the litigation on the limited argument before this Court, it is impossible to determine whether there was an actual litigation or a previous state court judgment. Accordingly, the Rooker-Feldman doctrine does not provide a basis for dismissal of the claims against the Medical Defendants at this time and their motion to dismiss should be denied in this regard.

### III. CONCLUSION

For the foregoing reasons, it is respectfully that the Motion to Dismiss filed by the Commonwealth Defendants [ECF No. 17] be granted in part and denied in part and the Motion to Dismiss filed by Defendants Bashline, Gilreath, Mowry and Telega [ECF No. 18] be granted in part and denied in part. The Commonwealth's motion to dismiss [ECF No. 17] should be denied on the basis of res judicata and the Medical Defendants' motion to dismiss [ECF No. 18] should be denied on the basis of res judicata and Denied on the basis of the Rooker-Feldman doctrine.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Federal Rules of Civil Procedure, **the parties are allowed fourteen (14) days from the date of service to file written objections to this Supplemental Report and Recommendation.** Any party opposing the objections shall have fourteen (14) days from the date of service of the objections to respond thereto. See Fed.R.Civ.P. 72(b)(2). Failure to file timely objections may constitute a waiver of any appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter  
SUSAN PARADISE BAXTER  
United States Magistrate Judge

Dated: February 24, 2011